UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K. I.,<br><br>   Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI,<br><br>   Defendant. | Case No. 20-cv-05811-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO ALTER JUDGMENT**<br><br>Re: Dkt. No. 34 |

Plaintiff sought Social Security benefits for physical and mental impairments including a gun shot to the spine, depression, anxiety, and bipolar disorder. (Administrative Record ("AR") 234, 276.) Pursuant to 42 U.S.C. § 405(g), Plaintiff filed this lawsuit for judicial review of the final decision by the Commissioner of Social Security denying his benefits claim. (AR 172.) On March 1, 2022, the Court granted Plaintiff's motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, and remanded for further proceedings. (Dkt. No. 31 ("Order").) The Commissioner now moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. No. 34.) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS IN PART and DENIES IN PART the motion.

**DISCUSSION**

Rule 59(e) provides that a party may file a "motion to alter or amend a judgment." Fed.R.Civ.P. 59(e). The Ninth Circuit has explained the standard for a motion under Rule 59(e) as follows:

> Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir.1999) (en banc) (per curiam) (internal quotation marks

> omitted). But amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id.* (internal quotation marks omitted). In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Id.*

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1112 (9th Cir.2 011). This Rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). The Commissioner's motion focuses on the first ground for relief arguing that amendment of the judgment is warranted to "correct manifest errors of law or fact upon which the judgment rests."

At the outset, it must be noted that the Commissioner does **not** contend that the Court's ultimate decision was erroneous. (Dkt. No. 24 at 2 ("The Commissioner does not challenge the Court's overall conclusion that substantial evidence did not support the administrative law judge (ALJ) decision regarding Plaintiff's subjective statements and the persuasiveness of the medical opinions and prior administrative medical findings at issue.") Instead, the Commissioner insists that the Court's decision was in error because it contained terminology that no longer applies to Social Security disability evaluations under the revised regulations that governed Plaintiff's disability application. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017) (codified at 20 C.F.R. pts. 404 & 416). In particular, the Commissioner points to the Court's use of the of the words "weight" or "weighing" when discussing the ALJ's consideration of the medical evidence. (Dkt. No. 34 at 3-4.) The Commissioner argues—as he did in his motion for summary judgment—that the new regulations overruled the Ninth Circuit's treating source rule and that the Court's reliance on language regarding the weight given to particular medical opinion testimony was therefore in error. The Court's Order found that it was unnecessary to resolve the unsettled question of whether the treating source rule had been overruled, because under either that standard or the new regulations, the ALJ's consideration of the medical evidence was not supported by substantial evidence. (Dkt.

No. 31 at 5.)

On April 22, 2022, a week after briefing on the Commissioner's Rule 59(e) motion was complete, the Ninth Circuit issued its decision in *Woods v. Kijakazi*, resolving this unsettled question. The court found that "[t]he revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, No. 21-35458, ---F.4th ---, 2022 WL 1195334, at *6 (9th Cir. Apr. 22, 2022) (citing 20 C.F.R. § 404.1520c(a)). While the treating source rule no longer applies, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and 'explain how [it] considered the supportability and consistency factors' in reaching these findings, *id*. § 404.1520c(b)(2)." *Woods*, 2022 WL 1195334 at *6.

The Ninth Circuit's decision in *Woods* does not undermine the Court's reasoning here that the ALJ's consideration of the medical evidence was not supported by substantial evidence. While the Court may have used the term "weighing" in its Order interchangeably with its synonyms "evaluating" and "considering," the Commissioner does not argue, nor could he, that the Court's ultimate decision is called into question by use of such terminology. *See* Thesaurus.com, https://www.thesaurus.com/browse/weighing (listing deciding, evaluating, consideration, deliberation among others). As such, the Commissioner's insistence that the Court's Order nevertheless contained manifest errors given its reliance on "obsolete terminology" is unpersuasive. *See Allstate*, 634 F.3d at 1111 (noting that a Rule 59(e) motion may be granted where it "is necessary to correct manifest errors of law or fact *upon which the judgment rests*") (emphasis added).

Nevertheless, given the Ninth Circuit's intervening decision in *Woods*, the Court will exercise its discretion and amend its Order to clarify its instructions to the ALJ on remand and omit reference to weighing or reweighing of evidence. The Court is not persuaded that the other proposed revisions to the Order are appropriate or required; particularly the Commissioner's

request that the Court use the term "prior administrative medical finding" in lieu of "opinion," given that the Court was using the same term as the ALJ. (Dkt. No. 34 at 3-4.)

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART the Commissioner's motion to alter judgment. The Court will issue an amended order.

This Order disposes of Docket No. 34.

**IT IS SO ORDERED.**

Dated: May 3, 2022

JACQUELINE SCOTT CORLEY
United States District Judge